UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY HARRISON,

    Petitioner,

v.

JERI BOE,

    Respondent.

CASE NO. 3:18-CV-05378-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: June 22, 2018

    The District Court referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. Presently before the Court is Petitioner Timothy Harrison's "Motion to Withdraw 2254 Petition" ("Motion"), wherein Petitioner requests this case be dismissed. Dkt. 4. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**BACKGROUND**

    On May 10, 2018, Petitioner initiated this lawsuit. Dkt. 1. Petitioner did not pay the filing fee, but submitted a Declaration and Application to Proceed *In Forma Pauperis* ("Application"). *See* Dkt. 1. Petitioner failed to sign the Application and did not provide a certified copy of his

REPORT AND RECOMMENDATION - 1

1  prison trust account statement. *See id*. The Clerk of Court sent Petitioner a letter notifying him of
2  the deficiencies of his Application and directing him to correct the deficiencies by June 11, 2018.
3  Dkt. 2. On May 27, 2018, Petitioner filed the Motion. Petitioner has not paid the filing fee or
4  corrected the deficiencies in his Application. As such, the Petition has not been screened or
5  served.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Petition in this case. Therefore, Petitioner requested the dismissal prior to Respondent filing an answer or summary judgment motion. The Court also finds Petitioner has not previously dismissed an action based on the same claim. The Court notes Petitioner filed a previous federal habeas challenging the same conviction challenged in this case. *See Harrison v. Obenland*, Case No. 3:13-cv-5839-BHS. The previous case was dismissed as untimely. *See id*. However, Petitioner did not dismiss the previous action and Petitioner has not included any claims in the current Petition. Therefore, the Court finds Petitioner's Motion (Dkt. 4) should be granted pursuant to Rule 41(a)(1).

**CONCLUSION**

For the foregoing reasons, the Court recommends the Petition be dismissed without prejudice and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 22, 2018, as noted in the caption.

Dated this 1st day of June, 2018.

David W. Christel
United States Magistrate Judge